UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| FRANCISCO D. FLORES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 5:09-CV-214-BG |
| ) | ECF |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Francisco D. Flores seeks judicial review of a decision of the Commissioner of Social Security denying his application for Disability Insurance Benefits. The United States District Judge reassigned this case to the United States Magistrate Judge for all proceedings. Flores did not consent to the jurisdiction of the United States Magistrate Judge. Pursuant to the order reassigning this case, the undersigned now files this Report and Recommendation. After reviewing the administrative record and the arguments of both parties, this court recommends that the District Court affirm the Commissioner's decision and dismiss Flores' case with prejudice

**I.   Standard of Review**

In order to determine whether a claimant is disabled, the Commissioner considers the claimant's case under a five-step sequential evaluation. 20 C.F.R. § 404.920 (2009); *see Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000). Under the sequential evaluation, the ALJ decides whether the claimant: (1) is not working in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals a listed impairment in 20 C.F.R., pt. 404, subpart P, app. 1; (4) has an impairment that prevents him from doing past relevant work; and (5) has an impairment

that prevents him from doing any other work. *Id*. Upon the filing of an appeal, the court's role is limited to determining whether the Commissioner applied the proper legal standards in reaching the decision and whether substantial evidence supports the Commissioner's decision. *Audler v. Astrue*, 501 F.3d 446, 447 (5th Cir. 2007). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence that a reasonable mind might accept as adequate to support the Commissioner's decision. *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002).

## II. Facts

Flores has a sixth grade education, does not speak English, and worked as a manual laborer at a grain elevator for fourteen years before applying for disability benefits at the age of 48. (Tr. 42, 44, 109.) He injured his back while working on August 24, 2005, and it was later determined that the injury consisted of a herniated disc at the L4-5 level of his lumbar spine. (Tr. 306-07.) Flores' physicians attempted conservative therapy, including epidural steroid injections and chiropractic treatment, but the efforts failed and Flores subsequently underwent surgery for the condition on March 7, 2006. (Tr. 210-11, 332.) One week later Flores was noted to be ambulating well, and he told his surgeon that he was doing "very well" and that he no longer experienced the pain he had prior to the surgery. (Tr. 331.)

Flores' surgeon noted in June 2006 that Flores was walking ten minutes on a treadmill in physical therapy and that the maximum extent of pain he experienced was a three on a ten-point scale. (Tr. 326.) The surgeon noted that Flores' work at the grain elevator involved a significant amount of heavy manual labor and that it was not probable for him to return to such work. *Id*. The surgeon further noted:

> If the company has room for light duty then I would put Mr. Flores in to [sic] that capacity where he would not have to lift more than 25 lbs, have the ability to change

> position from sitting, standing to walking every hour or so. It doesn't sound like that there will be any kind of job like that for him at the grain elevator and he might have to consider looking into another field.

*Id.* Flores' surgeon also believed that Flores was ready for a disability evaluation and impairment rating evaluation, *id.*, and Flores underwent evaluation on August 15, 2006, (Tr. 306-07). The evaluating physician noted that Flores reported only occasional pain and stiffness in his lower back, no radiation of pain, and equal strength in all his extremities. (Tr. 306.) Upon examination Flores was able to sit and rise without difficulty, his motor strength was 5/5 throughout all extremities, straight leg testing was negative, mobility in his back was full, and he exhibited the ability to extend his back with full range of motion and without grimacing or showing signs of discomfort. (Tr. 307.) The physician found that symptoms, physical findings, and imaging studies were consistent with a herniated disk and that most of Flores' symptoms were resolved with surgery. He found that Flores had reached maximum medical improvement with a 12 percent whole person impairment rating and recommended that he "return to the highest level of tolerated work activities." *Id*.

Despite the opinions of his surgeon and the evaluating physician, Flores did not return to work. (Tr. 17, 93.) He claimed that he became disabled and no longer able to work as of the date of his surgery in March 2006, applied for disability benefits on June 14, 2007, and obtained legal representation for his Social Security application on June 28, 2007. (Tr. 54, 93.)

The Administrative Law Judge ("ALJ") held a hearing and issued a decision on September 19, 2008, in which he determined at the fifth step of the sequential evaluation process that Flores was not disabled because he was capable of performing limited light work and was capable of performing a significant number of jobs that exist in the national economy. (Tr. 21-22.) Flores presents a single issue for the court's review: whether the ALJ committed reversible error

3

because he did not make factual findings in regard to the appropriate age category to be applied at the fifth step of the sequential evaluation process.

**III.     Discussion**

At the fifth step of the sequential evaluation process, the Commissioner considers the claimant's age in combination with his residual functional capacity, education, and work experience to determine whether the claimant is capable of adjusting to and performing work that exists in substantial numbers in the national economy. 20 C.F.R. § 404.1563(a) (2010). The ALJ may consult the Medical-Vocational Guidelines ("Grid Rules") to determine whether, given the claimant's vocational characteristics, work exists in the national economy that the claimant can perform. *Heckler v. Campbell*, 461 U.S. 458, 461-62, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983). Located in the Commissioner's regulations at appendix 2 of part 404, the Grid Rules consist of rules that direct a finding of disability when the claimant's residual functional capacity, age, education, and previous work experience correspond to the job requirements under a particular rule. *See* 20 C.F.R., pt. 404, subpart P., app. 2. In regard to the issue of age as it related to the Grid Rules, the Commissioner's regulations acknowledge that the claimant's age may impact upon his ability to adjust to other work. The regulations direct that, in the case of a "younger person" (a person under the age of 50), the Commissioner does not generally consider age to be a factor that will seriously affect the claimant's ability to adjust to other work. 20 C.F.R. § 404.1563(c). On the other hand, the regulations direct that for claimants "closely approaching advanced age"(a person between the ages of 50 and 54), the claimant's age, along with a severe impairment and limited work experience may seriously affect the claimant's ability to adjust to other work. 20 C.F.R. § 404.1563(d).

Flores claims his age is a pivotal issue in his claim for disability benefits. He claims he was 49 years, 9 months, and 29 days old on the date on which the ALJ issued his decision and was therefore within 6 months of turning 50 years old. Pointing to the regulations, he claims that because he was close to 50 years old, his case presented a "borderline situation" which placed upon the ALJ the duty to determine whether he should be classified as an individual "closely approaching advanced age," the category under which claimants between the ages of 50 and 55 are evaluated. Flores argues that if the ALJ had determined that he was an individual closely approaching advanced age, Grid Rule 202.09 would have directed a finding of disability in his case. Flores argues that, because a borderline situation existed in his case, the ALJ was required to make a factual determination as to which age category was more appropriate and that his failure to do so constitutes reversible error.

As Flores points out, the Commissioner must not mechanically apply the age categories in the Grid Rules to a borderline situation. 20 C.F.R. § 404.1563(d); *see also Harrell v. Bowen*, 862 F.2d 471, 479 (5th Cir. 1988). Thus, if the claimant is within a few days to a few months of reaching an older age category and using the older age category would result in a decision of disability, the Commissioner evaluates the overall impact of the factors in the claimant's case and determines whether to use the older age category. 20 C.F.R. § 404.1563(b). In this case, the ALJ acknowledged the regulation at issue and noted that Flores was 49 years of age and, thus, classified as a "younger person." (Tr. 21.) The ALJ further noted that Flores was soon to be 50 years of age, an age classified in the regulations as "closely approaching advanced age." (*Id*.) As Flores points out, the ALJ did not provide an analysis as to whether the older age category should be applied in Flores' case. The ALJ's omission, however, was not fatal because he did not rely mechanically upon the

5

Grid Rules in making his fifth step determination. He instead elicited testimony from a vocational expert.

The ALJ may rely exclusively on the Grid Rules at step five of the sequential evaluation only when the characteristics of the claimant correspond to the criteria in a rule within the Grid Rules, and the claimant suffers only from exertional impairments or has non-exertional impairments that do not significantly affect his ability to work; otherwise, the ALJ must elicit vocational expert testimony. *See, e.g., Crowley v. Apfel*, 197 F.3d 194, 199 (5th Cir. 1999); *Newton v. Apfel,* 209 F.3d 448, 458 (5th Cir. 2000) (citing *Fraga v. Bowen,* 810 F.2d 1296, 1304 (5th Cir.1987). Non-exertional impairments are those impairments which do not affect a claimant's ability to meet the strength requirements of work; examples of non-exertional impairments are: mental, sensory, or skin impairments and impairments that result solely in postural and manipulative limitations or environmental limitations. 20 C.F.R., pt. 404, subpart P, 200(e). In this case the ALJ determined, based on physician opinion, that Flores is limited by non-exertional impairments to the extent that he cannot perform work that involves squatting or more than occasional stooping. (Tr. 18.) The ALJ also determined that Flores was limited to understanding, remembering, and carrying out simple tasks. (*Id.*) Because Flores is limited in his ability to work by non-exertional limitations, the ALJ was required to obtain the opinion of a vocational expert. *Crowley*, 197 F.3d at 199. The ALJ did so. He posed a hypothetical question to the vocational expert in which he incorporated Flores' demographic information, including his age, education, work history, and residual functional capacity and asked whether such an individual would be capable of performing any jobs in the national economy. (Tr. 49.) The vocational expert testified that Flores could perform the job of packager. (Tr. 22.)

Flores acknowledges that the ALJ relied upon a vocational expert to reach his fifth step determination but argues that the ALJ was nonetheless required to make a factual finding as to whether he should have been classified in the older age category, and he cites *Young v. Barnhart*, 287 F. Supp. 2d 905, 911 (N.D. Ill. 2003), in support of his argument. In *Young*, the court remanded the claimant's case for the borderline age analysis despite the fact that the ALJ relied upon vocational expert testimony at the fifth step of the sequential analysis. *Id*. The court first considered arguments the claimant raised in regard to the vocational expert's testimony and rejected them. *Id*. at 911-12. After discussing the testimony of the vocational expert, the court went on to consider the claimant's argument that the ALJ failed to consider his borderline age. *Id*. at 912. The court found that the ALJ made an incorrect finding as to the claimant's age: the claimant was 55 years old at the time of the hearing, but the ALJ mistakenly thought he was 53 years old and classified him as an individual closely approaching advanced age. *Id*. at 913. The court found that the ALJ did not perform the analysis necessary in a borderline age situation and held that, if the ALJ had done so, the claimant would have been found to be disabled under Rule 202.04. *Young*, 287 F. Supp.2d at 913. The court remanded the case to the Commissioner with instructions to perform the borderline age analysis. *Id*.

The opinion in *Young* may be persuasive authority; however, the opinion from the Illinois District Court does not hold precedential authority in this court. For such authority Flores must point to precedent within the Fifth Circuit Court of Appeals. He has not done so. Moreover, *Young* is distinguishable on the facts in that the ALJ in this case did not make a mistake as to the claimant's age. *Compare id*.

In his final argument Flores complains that the ALJ did not instruct the vocational expert as

7

to whether Flores should be considered in the older age category of closely approaching advanced age. Flores argues that it is not the vocational expert's responsibility to make factual findings in regard to the claimant's age and argues that it is the ALJ's responsibility to describe the vocational factors in the hypothetical question that the vocational expert must consider. Flores points out that the ALJ asked the vocational expert to consider Flores' age and other vocational factors to determine whether Flores could perform other work in the national economy, but he did not instruct the vocational expert as to the appropriate age category. Flores contends that the vocational expert was "constrained to considering the strict regulatory categorization of age 49 as within the age category of 'younger individual'" and that he was not free to disregard the age stated in the ALJ's hypothetical question. He contends that without a finding on the issue, the court is left with nothing to review because there is no way of knowing whether the vocational expert considered him in the category of "younger individual" or as "closely approaching advanced age."

Flores has pointed to no precedential authority to support his argument. Nothing in the regulations or Fifth Circuit precedence requires the ALJ to advise the vocational expert as to the claimant's age category. In this case it was established at the hearing that Flores was 49 years old. (Tr. 43.) The vocational expert was, therefore, aware of Flores' age. As a vocational expert she has knowledge of the work demands in individual professions and the impact an individual's age may have upon his ability to adjust to the work demands of the different professions: the Fifth Circuit Court of Appeals has acknowledged that a vocational expert is called to testify because of his familiarity with job requirements and working conditions. *Vaughan v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995) (citing *Fields v. Bowen,* 805 F.2d 1168, 1170 (5th Cir.1986)). Flores has not challenged the qualifications of the vocational expert. Further, even if the court were to assume, for argument

8

sake, that the ALJ erred by not advising the vocational expert in regard to Flores' age category, the ALJ's omission would not constitute reversible error. The Fifth Circuit Court of Appeals has acknowledged that it is error to rely on vocational expert testimony provided in response to a hypothetical question that does not reasonably incorporate all of the claimant's limitations, but the court has also held that any such error is not reversible if the claimant or his representative is given the opportunity to correct the defects of the hypothetical and did not do so. *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994). Flores' attorney was permitted to question the vocational expert, and she did so. She did not, however, ask the vocational expert whether Flores' age was a factor that would limit his ability to make an adjustment to work as a packager or otherwise attempt to correct the defect Flores now complains about in this appeal. (Tr. 50.)

The ALJ satisfied the Commissioner's burden of proof by identifying work that exists in substantial numbers in the national economy. Once the Commissioner identifies alternative work the claimant can perform, the burden shifts back to the claimant to show that he cannot do the identified work. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990) (citing *Fraga v. Bowen*, 810 F.2d 1296, 1302 (5th Cir. 1987)). Flores has not shown, or even attempted to argue, that he is incapable of performing the job of packager. In addition, the Commissioner's ultimate determination of non-disability is supported by substantial evidence. (*See* Tr. 306-07, 326-27.)

## IV. Conclusion and Recommendation

A claimant is disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A), 42 U.S.C. § 1382c(a)(3)(B); *see* 20 C.F.R. §§ 404.1505, 416.911. The Commissioner has shown with substantial evidence that Flores can

9

perform work existing in the national economy; the decision is therefore conclusive and must be affirmed. *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995).

## V. Right to Object

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: August 30, 2010.

NANCY M. KOENIG
United States Magistrate Judge